**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| ERIC L. TEAL, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-14-2550 |
| | * | |
| CHRIS BUCKLEY, *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This action is brought by unrepresented Plaintiff Eric L. Teal against his former employer, R & R Ventures Incorporated, and his former supervisor, Chris Buckley, for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e, *et seq.* ECF No. 4. This Memorandum and accompanying Order address Plaintiff's Motion to Appoint Counsel, ECF No. 16, and Plaintiff's Motion to File Amended Complaint and for Extension of Time to Submit Response to Defendant's Motion to Dismiss, ECF No. 17. Defendants have not responded to these motions and the time for doing so has passed. The Court finds that a hearing is unnecessary. *See* Local Rule 105.6. For the reasons stated below, Plaintiff's Motion to Appoint Counsel, ECF No. 16, is DENIED. Plaintiff's Motion to file an Amended Complaint, ECF No. 17, is DENIED without prejudice. Finally, Plaintiff's Motion for Extension of Time to Submit Response to Defendant's Motion to Dismiss, ECF No. 17, is GRANTED. This Memorandum Opinion disposes of ECF Nos. 16 & 17.

I.      BACKGROUND

According to Plaintiff's Complaint, he was terminated on April 8, 2014 for alleged job abandonment. ECF No. 4 at 2. Plaintiff explains that, on that day, he was sick and spoke with a supervisor, Jay, and an individual named Dion Berry. *Id.* He claims that he "was not told that [he] could not clock out," but when he did so, Dion Berry followed him outside and told him that Chris Buckley would take him off the schedule for the rest of the week. *Id.* When Plaintiff arrived at work on April 10, 2014, Chris Buckley terminated him for job abandonment. *Id.* at 2–3. Plaintiff contends that a white employee, Anita Cannon, was not fired even though she clocked out on April 7, 2014 after stating that she was sick. *Id.* at 3. Plaintiff asserts that the Maryland Unemployment Board granted Plaintiff unemployment because he did not abandon his job. *Id.* He states that other black employees have been fired. *Id.*

Plaintiff attached an "employee status change" to his Complaint. This form was completed by Dion Berry and states "Eric Teal was terminated for job abandonment on 4/9/13. On the 9th Eric told other employees that he wasn't dealing with any crap and said forget this, and he clocked out without any management approval and went home." ECF No. 4-1 at 1. Plaintiff also attached a hand-written note from an individual whose name appears to be Tracy Varuel, which reads: "When Eric came to work he got upset when Dion told him to go to the other side with Jay. Eric said that he was not going to put up with Dion's shit and clocked out and left." ECF No. 4-1 at 2.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See* ECF No. 4-2 (EEOC Dismissal and Notice of Rights). The EEOC found that it was unable to conclude that the information it obtained established a violation of Title VII. *Id.* The EEOC issued Plaintiff a right-to-sue letter on May 13, 2014. *Id.*

Plaintiff then filed two complaints in this Court against his former employer and former supervisor, one on August 11, 2014 and one on August 21, 2014, which have been consolidated. ECF No. 3. One Defendant, Chris Buckley, has filed a Motion to Dismiss for failure to state a claim. ECF No. 12. Plaintiff has filed a Motion to Appoint Counsel and a Motion to Amend/Correct Complaint and for Extension of Time to Respond to Defendant's Motion to Dismiss. ECF Nos. 16 & 17.

## II.  MOTION TO APPOINT COUNSEL

Under 28 U.S.C. § 1915(e)(1), this Court is authorized to appoint counsel to an unrepresented litigant in a civil proceeding, however, this is a discretionary function that is to be exercised only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). 42 U.S.C. § 2000(e)(f)(1) also provides that the Court may appoint counsel in a Title VII case under "such circumstances as the court may deem just." Whether a civil case warrants the appointment of counsel depends on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). When an unrepresented litigant has a colorable claim but lacks the capacity to present it, counsel should be appointed. *Id.* (*citing Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978). Although the Fourth Circuit has not considered what factors are relevant in deciding if circumstances warrant appointment of counsel, other courts have considered the plaintiff's financial ability to retain an attorney, the efforts of the plaintiff to retain counsel, and the merits of the case. *See Young v. Kmart*, 911 F.Supp. 210, 211 (E.D.Va. 1996) (*citing Miles v. Dep't of Army*, 881 F.2d 777, 784 n.6 (9th Cir. 1989); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308–10 (5th Cir. 1977)). In a Title VII case, the Court considers the EEOC's conclusions regarding Plaintiff's claim when deciding whether to appoint counsel. *See Garrison v. State of Md., Great Oaks Cntr.*, 850 F.Supp. 366, 368 (D. Md. 1994).

In his Motion to Appoint Counsel, Plaintiff asserts that he is not an attorney and would be "better off" represented by counsel. ECF No. 16. He states that he only filed the lawsuit on his own behalf because of time constraints. *Id*. Further, in his motion for leave to proceed *in forma pauperis*, Plaintiff indicates that he earned $312.00 per month and pays $300.00 per month for room and board. ECF No. 2. While the Court is sympathetic to Plaintiff's financial situation, Plaintiff has not suggested to the Court that he has engaged in any efforts to retain counsel. *Ta''ati v. Board of Trustees of Montgomery Community College*, 2004 WL 5215490 at *1 (D.Md. Jan. 20, 2004) (factoring plaintiff's failure to make efforts to retain counsel into consideration when denying motion for appointment of counsel). As for the merits of the case, the EEOC found that it could not find a violation of Title VII based on the information provided. ECF No. 4-2. While this is by no means binding on the Court's ultimate determination of the case, it is relevant to the determination of whether appointed counsel is warranted. *Garrison*, 850 F.Supp. at 368.

Under the facts presented to the Court, although not frivolous from the reading of the Complaint, Plaintiff has not shown the Court that he has a colorable Title VII claim warranting the appointment of counsel. *See Young*, 911 F.Supp. at 212 (finding complaint stating that plaintiff was demoted because of racial discrimination was not frivolous solely on the reading of the complaint but did not support appointment of counsel). In the absence of exceptional circumstances, Plaintiff's Motion for the Appointment of Counsel is DENIED.

### III. MOTION TO AMEND COMPLAINT

Plaintiff has requested sixty days to amend his Complaint. This Motion is DENIED without prejudice. If Plaintiff wishes to amend his complaint, he must first attempt to obtain consent from defense counsel pursuant to local rule 103.6(d). If consent cannot be obtained,

Plaintiff may file a Motion for Leave to Amend his Complaint, and he must comply with this Court's local rules by attaching the following to his motion: (1) a clean copy of the proposed amended pleading, and (2) a copy of the proposed amended pleading in which additional material is underlined or set forth in bold-faced type and stricken material is lined through or enclosed in brackets. *See* Local Rules 103.6(a) and (c).

## IV. MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

Plaintiff has requested an additional sixty days to respond to Defendant's Motion to Dismiss, citing several personal and financial struggles. Defendant has not opposed Plaintiff's request. The Court GRANTS Plaintiff's motion, and Plaintiff will have sixty days from the date of this Order to respond to Defendant's Motion to Dismiss (ECF No. 12).

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Appoint Counsel, ECF No. 16, is DENIED; Plaintiff's Motion to file Amended Complaint, ECF No. 17, is DENIED; and Plaintiff's Motion for Extension of Time to Submit Response to Defendant's Motion to Dismiss, ECF No. 17, is GRANTED.

A separate Order shall issue.

Dated: December 5 , 2014

GEORGE J. HAZEL
United States District Judge