IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ERIC L. TEAL,

    Plaintiff,

v.     Case No.: GJH-14-2550

CHRIS BUCKLEY, *et al.*

    Defendants.

## MEMORANDUM OPINION

This action is brought by unrepresented Plaintiff Eric L. Teal against his former employer, R & R Ventures Incorporated ("R & R") and Chris Buckley, one of Plaintiff's former supervisors, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). This Memorandum and accompanying Order address Defendant Chris Buckley's Motion to Dismiss, ECF No. 12, and supporting memorandum, ECF No. 13. Plaintiff was given an extension of time to oppose the motion, he has not done so, and the time for doing so has now passed. *See* ECF Nos. 20 & 21. The Court finds that a hearing is unnecessary. *See* Local Rule 105.6. For the reasons stated below, Defendant Buckley's motion to dismiss is GRANTED and he is DISMISSED from this action.

I.     **BACKGROUND**

According to Plaintiff's Complaint, he was fired on April 8, 2014 for alleged job abandonment. ECF No. 4 at 2. Plaintiff explains that he was sick that day and spoke with a supervisor, Jay, and an individual named Dion Berry. *Id.* He claims that he "was not told that [he] could not clock out," but when he did so, Dion Berry followed him outside and told him that

1

Chris Buckley would take him off the schedule for the rest of the week. *Id.* When Plaintiff arrived at work on April 10, 2014, Chris Buckley fired him for job abandonment. *Id.* at 2–3. Plaintiff contends that a Caucasian employee, Anita Cannon, was not fired even though she clocked out on April 7, 2014 after stating that she was sick. *Id.* at 3. Plaintiff asserts that the Maryland Unemployment Board granted Plaintiff unemployment because he did not abandon his job. *Id.* He states that other African American employees have been fired. *Id.*

Plaintiff attached an "employee status change" to his Complaint. This form was completed by Dion Berry and states "Eric Teal was terminated for job abandonment on 4/9/13. On the 9th Eric told other employees that he wasn't dealing with any crap and said forget this, and he clocked out without any management approval and went home." ECF No. 4-1 at 1. Plaintiff also attached a hand-written note from an individual whose name appears to be Tracy Varuel, which reads: "When Eric came to work he got upset when Dion told him to go to the other side with Jay. Eric said that he was not going to put up with Dion's shit and clocked out and left." ECF No. 4-1 at 2.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See* ECF No. 4-2. The EEOC found that it was unable to conclude that the information it obtained established a violation of Title VII. *Id.* The EEOC issued Plaintiff a right-to-sue letter on May 13, 2014. *Id.* Plaintiff then filed two complaints in this Court against his former employer and former supervisor—one on August 11, 2014 and one on August 21, 2014—which have been consolidated. ECF No. 3. Defendant Chris Buckley has filed a Motion to Dismiss for failure to state a claim. ECF No. 12. Plaintiff requested an extension of time to respond to the Motion to Dismiss. ECF No. 17. He was granted the extension and had sixty days from December 4, 2014 to respond. *See* ECF Nos. 20 & 21. He has failed to do so.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 545 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Defendant Buckley asserts that he was one of Plaintiff's supervisors and cannot be liable in his individual capacity under Title VII. ECF No. 13 at 2. The Court agrees as the law on this issue is well settled. The Fourth Circuit has held that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). In *Lissau*, the Court explained that because Title VII exempts employers that have only a few employees from its requirements, it would make little sense to find that a single individual is liable under Title VII. *Id.* at 180. Because Title VII is limited to employer liability,

Plaintiff has failed to state a claim against Defendant Buckley and Buckley's Motion to Dismiss is GRANTED.[1]

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss Buckley as a party, ECF No. 12, is GRANTED.

A separate Order shall issue.

Dated: March 2, 2015

GEORGE J. HAZEL
United States District Judge

---

[1] In addition, Plaintiff has not responded to Defendant Chris Buckley's Motion to Dismiss and, therefore, has abandoned his claims against this Defendant. *See Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank*, FSB, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim).